FILED
FEB - 9 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW GAVIN WYNNE, )<br>)<br>Defendant. ) | 4:22CR076 SEP/SRW |

### INDICTMENT

The Grand Jury charges that:

**A.   Introduction**

At all times relevant to the Indictment, unless otherwise specified below:

1. The defendant, ANDREW GAVIN WYNNE, was a licensed attorney in the state of Missouri.

2. In or about June 2016, WYNNE was hired to perform legal work at a law firm based in Kirkwood, Missouri. WYNNE's employment with the law firm concluded on or about August 31, 2021. WYNNE received an annual salary from the law firm in exchange for his legal work.

3. During his employment at the law firm, WYNNE represented clients in cases pending before judges in counties throughout the St. Louis metropolitan area. During his representation of several of those clients, WYNNE provided his clients with fictitious documents, which purported to be authored by the judge on the case. Those fictitious documents included court orders, judgements, and emails purportedly authored by the judges. The fictitious documents that WYNNE provided to his clients were not authored or endorsed by any judge, and WYNNE knew that those documents were not authored or endorsed by any judge.

1

B.     **Charges**

## COUNT I
## (Identity Theft)

4.     The Grand Jury realleges the facts set forth in paragraphs 1 through 3 as if fully set herein.

5.     On or about February 28, 2020, within the Eastern District of Missouri,

**ANDREW GAVIN WYNNE,**

the defendant herein, knowingly used in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name of R.M., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a felony under any applicable State or local law, to wit, forgery in violation of Rev. Stat. Mo. 570.090.

In violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(A).

## COUNT II
## (Identity Theft)

6.     The Grand Jury realleges the facts set forth in paragraphs 1 through 3 as if fully set herein.

7.     On or about February 7, 2020, within the Eastern District of Missouri,

**ANDREW GAVIN WYNNE,**

the defendant herein, knowingly used in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name of B.H., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a

2

felony under any applicable State or local law, to wit, forgery in violation of Rev. Stat. Mo. 570.090.

In violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(A).

## COUNT III
### (Identity Theft)

8. The Grand Jury realleges the facts set forth in paragraphs 1 through 3 as if fully set herein.

9. On or about July 21, 2020, within the Eastern District of Missouri,

**ANDREW GAVIN WYNNE,**

the defendant herein, knowingly used in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name of B.H., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a felony under any applicable State or local law, to wit, forgery in violation of Rev. Stat. Mo. 570.090.

In violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(A).

## COUNT IV
### (Identity Theft)

10. The Grand Jury realleges the facts set forth in paragraphs 1 through 3 as if fully set herein.

11. On or about December 27, 2020, within the Eastern District of Missouri,

**ANDREW GAVIN WYNNE,**

the defendant herein, knowingly used in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name of V.L., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the

3

intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a felony under any applicable State or local law, to wit, forgery in violation of Rev. Stat. Mo. 570.090.

In violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(A).

## COUNT V
## (Identity Theft)

12. The Grand Jury realleges the facts set forth in paragraphs 1 through 3 as if fully set herein.

13. On or about June 7, 2021, within the Eastern District of Missouri,

**ANDREW GAVIN WYNNE,**

the defendant herein, knowingly used in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, the name of L.B., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a felony under any applicable State or local law, to wit, forgery in violation of Rev. Stat. Mo. 570.090.

In violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(A).

## FORFEITURE ALLEGATION

The Grand Jury further finds probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), upon conviction of an offense in violation of Title 18, United States Code, Section 1028 as set forth in Counts I through V, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violations, and any personal property used or intended to be used to commit the offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violations.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____

FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____

KYLE T. BATEMAN, #996646DC
DEREK WISEMAN, #67257MO
Assistant United States Attorneys
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200