UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cr-00076-SEP ) |
| ANDREW GAVIN WYNNE, | ) ) |
| Defendant. | ) ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Andrew G. Wynne, represented by defense counsel Beverly A. Beimdiek, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I through V of the Indictment, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's commission of identity theft that is described in the indictment (committed during 2020 and 2021), of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that, at the time of sentencing, the United States will request a sentence of no more than 41 months of incarceration. The parties further agree that the defendant may request that the Court impose any sentence that is authorized by law. The parties further agree that notice of any request for a below-Guidelines sentence will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

### 3. ELEMENTS:

As to Counts I through V, the defendant admits to knowingly violating Title 18, United States Code, Section 1028(a)(7), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**One**, the defendant knowingly used a means of identification of another person;

**Two**, the defendant knew that the means of identification belonged to another person;

**Three**, the defendant acted with the intent to commit activity that is a felony under applicable State law, to wit; forgery in violation of Rev. Stat. Mo. 570.090;

**Four**, the defendant acted without lawful authority; and

**Five**, the use of the means of identification occurred in or affected interstate commerce.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In June 2016, Defendant Andrew Gavin Wynne was hired to perform legal work at a law firm based in Kirkwood, Missouri. Defendant's employment with the law firm concluded on or about August 31, 2021. Defendant received an annual salary from the law firm in exchange for his legal work. During his employment at the law firm, Defendant represented clients in cases pending before judges in counties throughout the St. Louis metropolitan area.

During his representation of at least 30 of those clients, Defendant provided his clients with fictitious documents, which included signatures that Defendant forged, including judicial officers for St. Louis County, St. Louis City, St. Charles County. For at least ten separate judges, Defendant provided his clients with fictitious documents, which purported to be authored by the judge on the case. Those fictitious documents included court orders, judgements, and emails purportedly authored by the judges. The fictitious documents that Defendant provided to his clients were not authored or endorsed by any judge, and Defendant knew that those documents were not authored or endorsed by any judge.

On February 7, 2020, within the Eastern District of Missouri, Defendant knowingly used in or affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, the name of B.H., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, forgery in violation of Rev. Stat. Mo. 570.090. More specifically, on February 7, 2020, at approximately 4:49pm, Defendant sent an email from his personal email account to his client, D.S. The email sent by Defendant included a copy of a fictitious Consent Judgment, Order and Findings of Contempt that was purportedly signed and filed by Judge B.H. In truth and fact, the Consent Judgment, Order and Findings of Contempt had neither been signed nor filed by any judge. The fictitious Consent Judgment, Order

and Findings of Contempt that Defendant attached to his email to D.S. included a signature of Judge B.H. that Defendant forged.

On February 28, 2020, within the Eastern District of Missouri, Defendant knowingly used in or affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, the name of R.M., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, forgery in violation of Rev. Stat. Mo. 570.090. More specifically, on February 28, 2020, at approximately 11:26am, Defendant sent an email from his personal email account to his client, V.A. The email sent by Defendant included a copy of a fictitious Judgment and Decree of Dissolution that was purportedly signed and filed by Judge R.M. In truth and fact, the Judgment and Decree of Dissolution had neither been signed nor filed by any judge. In that same email, Defendant advised V.A. to "not disseminate the attached Judgment of Dissolution to [the opposing party] as we are still within the window that an appeal or Motion to Amend Judgment could be filed." The fictitious Judgment and Decree of Dissolution that Defendant attached to his email to V.A. stated that V.A.'s marriage was dissolved, that the parties would have joint legal and physical custody of the minor children, that V.A. was owed $900 per month child support, that V.A. was entitled to a vehicle and other assets, and that V.A. was owed $5,000 as division of marital property. The fictitious Judgment and Decree of Dissolution that Defendant attached to his email to V.A. also included a signature of Judge R.M. that Defendant forged.

On June 7, 2020, within the Eastern District of Missouri, Defendant knowingly used in or affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, the name of L.B., a Circuit Court Judge, knowing that the means of identification

4

belonged to another actual person, with the intent to commit, forgery in violation of Rev. Stat. Mo. 570.090. More specifically, on June 7, 2020, at approximately 10:11am, Defendant forwarded an email from his personal email account to his client, R.P. The email forwarded by Defendant purported to be a "Preliminary Ruling on Petitioner's Motion for Contempt, Motion to Determine Sums Due and Owing, and Motion to Dismiss for Unclean Hands." The forwarded email was purportedly authored by Judge L.B. In the fictitious email that Defendant forwarded, Judge L.B. claimed that the opposing party misrepresented the amount owing, and Judge L.B. also awarded attorney's fees to Defendant. In truth and fact, Judge L.B. did not author such email message.

On July 21, 2020, within the Eastern District of Missouri, Defendant knowingly used in or affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, the name of B.H., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, forgery in violation of Rev. Stat. Mo. 570.090. More specifically, on July 21, 2020, at approximately 4:46pm, Defendant sent an email from his personal email account to his client, D.S. The email sent by Defendant included a copy of a fictitious Warrant and Commitment Order that was purportedly signed and filed by Judge B.H. In truth and fact, the Warrant and Commitment Order had neither been signed nor filed by any judge. In the email that Defendant sent to D.S. on July 21, 2020, Defendant told D.S. that the Warrant and Commitment Order "was received via email from Judge [B.H.] about an hour ago." In that same email, Defendant also told D.S. to "refrain from discussing the attached Order or services details with" the opposing party in that litigation. The fictitious Warrant and Commitment Order that Defendant attached to his email to D.S. included an order that D.S. be paid $15,500, along with an additional $1,500 as a penalty for non-compliance and $3,200 in arrearages. The

5

fictitious Warrant and Commitment Order that Defendant attached to his email to D.S. also included a signature of Judge B.H. that Defendant forged.

On December 27, 2020, within the Eastern District of Missouri, Defendant knowingly used in or affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, the name of V.L., a Circuit Court Judge, knowing that the means of identification belonged to another actual person, with the intent to commit, forgery in violation of Rev. Stat. Mo. 570.090. More specifically, on December 27, 2020, at approximately 9:47am, Defendant forwarded an email from his personal email account to his client, D.S. The email that Defendant forwarded to D.S. was purportedly from Judge V.L. In the forwarded email, Judge V.L. claims that the court does not have standing to issue an order requiring the opposing counsel to take action and further advises the parties to work together to timely effect the conversion of some life insurance policies. In truth and fact, Judge V.L. did not author such email message.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 5 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

a. **Chapter 2 Offense Conduct**:

**(1) Base Offense Level**: The parties agree that the base offense level is 6, as found in Section 2B1.1(a)(2).

**(2) Specific Offense Characteristics**:

The parties agree that 12 levels should be added pursuant to Section 2B1.1(b)(1)(H) because the loss exceeds $250,000, but does not exceed $550,000.

The parties agree that 2 levels should be added pursuant to Section 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims.

That parties agree that 3 levels should be added pursuant to Section 3A1.1(a)(1)(A) because the victim was a government officer or employee.

That parties agree that 2 levels should be added pursuant to Section 3B1.3 because Defendant abused a position of trust.

b. **Chapter 3 Adjustments**:

**(1) Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

7

   c. **Estimated Total Offense Level**: The parties agree that the Total Offense Level, after acceptance of responsibility, is 22.

   d. **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

   e. **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:

   a. **Appeal**: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   (1) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   (2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this

agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $500, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention**: The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by

Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of the listed assets pursuant to the applicable forfeiture authorities. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner. Defendant specifically agrees to the entry of a forfeiture money judgment against Defendant and in favor of the United States in the amount which represents the value of any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such offense.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

11

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

### 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported

by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. <u>NO RIGHT TO WITHDRAW GUILTY PLEA</u>:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

2/23/23
Date

Derek J. Wiseman
Assistant United States Attorney

**02/23/2023**
Date

Andrew G. Wynne
Defendant

2/23/23
Date

Beverly A. Beimdiek
Attorney for Defendant

14